UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>R. DIAZ, et al.,<br><br>　　　　　Defendants. | 1:20-cv-01010-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S 28 U.S.C. § 2241 MOTION BE DISMISSED FROM THIS CASE**<br><br>**AND**<br><br>**RECOMMENDING THAT UNDER THE THREE STRIKES PROVISION OF 28 U.S.C. § 1915(g), PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE BEFORE PROCEEDING WITH HIS § 1983 CASE**<br><br>**(ECF No. 1.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.     BACKGROUND**

　　Christopher Lipsey, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* with this civil rights action. On July 21, 2020, Plaintiff filed the Complaint commencing this action which he titled "Emergency 28 U.S.C. § 2241 Motion and/or 42 U.S.C. § 1983 Preliminary Injunction." (ECF No. 1.)

1

## II.     28 U.S.C. § 2241 MOTION

Plaintiff makes little mention of his 28 U.S.C. § 2241 motion in the Complaint. On page 2 of the Complaint, he states:

> "Pursuant to § 2241 an application for a writ of habeas corpus shall not be entertained unless it appears that relief in the sentencing court is inadequate or ineffective to test the legality of his detention."

(ECF No. 1 at 1:25-2:1.) On page 18 of the Complaint Plaintiff requests "either habeas relief under § 2241 and/or injunctive relief under § 1983 and § 1997e(e)." (Id. at 18:11-14.) The balance of the Complaint consists of allegations challenging Plaintiff's conditions of confinement at Kern Valley State Prison.

In this case there is no habeas jurisdiction, and Plaintiff's § 2241 motion should be dismissed. Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); see, e.g., Blow v. Bureau of Prisons, 2007 WL 2403561 at *1 (E.D.Cal. Aug. 20, 2007) (habeas relief under § 2241 does not extend to petitioner's request for access to law library because it concerns conditions of his confinement); Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds by* Boyce v. Ashcroft, 268 F.3d 953 (10th Cir. 2001) ("[P]risoners . . . who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under Section 1983 or Bivens").

Therefore, the court shall recommend that Plaintiff's 28 U.S.C. § 2241 motion be dismissed from this case, and that this case proceed only as a civil rights action under 42 U.S.C. § 1983.

## III.    42 U.S.C. § 1983 CASE

Plaintiff brings a civil rights action pursuant to 42 U.S.C. § 1983 against defendants R. Diaz and Kern County Superior Court for adverse conditions of confinement under the Eighth Amendment. Plaintiff has not submitted an application to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915, nor paid the $400.0 filing fee for this action. This court shall recommend that under the three-strikes provision of 28 U.S.C. § 1915(g), Plaintiff be required to pay the $400.00 filing fee in full before proceeding with his §1983 action.

**IV.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" Id. (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Andrews further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact . . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." Andrews, 398 F.3d at 1121 (quotation and citation omitted).

## V.     ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on at least three prior occasions Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

///

///

///

See:

1) <u>Lipsey v. SATF Prisons Ad Seg Property Officers, et al.</u>, Civil Case No. 1:15-cv-00691-LJO-SKO-PC (E.D. Cal. June 6, 2018 Order dismissing action for failure to state a claim) (strike one);

2) <u>Lipsey v. Court of Appeal, et al.</u>, Civil Case No. 2:17-cv-08985-AG-JC (C.D. Cal. Dec. 27, 2017 Order of dismissal as frivolous, malicious, or for failure to state a claim) (strike two);

3) <u>Lipsey v. Secretary of CDCR, et al.</u>, Civil Case No. 2:17-cv-05094 AG(JC) (C.D. Cal. May 16, 2018 Order of dismissal for failure to state a claim, failure to comply with court order, and failure to prosecute) (strike three);

4) <u>Lipsey v. M. Guzman, et al.</u>, Civil Case No. 1:17-cv-00896-AWI-EPG-PC (E.D. Cal. July 3, 2018 Order of dismissal for failure to state a claim) (strike four); and

5) <u>Lipsey v. Court of Appeal of the State of California</u>, Appeal No. 18-55042 (9th Cir. Sept. 20, 2018 Order of dismissal as frivolous) (strike 5).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See <u>Cervantes</u>, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." <u>Id.</u> at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See <u>Cervantes</u>, 493 F.3d at 1053.   In the Complaint

Plaintiff alleges that he arrived from High Desert State Prison to Kern Valley State Prison on or about May 8, 2020, for court appearances in his criminal case at Kern County Superior Court. He was placed in administrative segregation because of a no-contact order. Kern County Superior Court does not have a private place for defendants to meet with their attorneys which makes it easier to spread the COVID virus, but currently they are only allowing non-contact visits at KVSP in a room with a window between the inmate and visitor who converse through a phone. Plaintiff is afraid to talk candidly with his attorney because he knows officers can hear everything he says when they stand outside the door. Plaintiff was released to the general population on A2B and D-1 status, but he wishes to be assigned a different status with greater privileges. He asked to be transferred to another prison which was denied because of the COVID-19 virus. Because of COVID-19, Plaintiff's attorney is not allowed to attend non-contact visits with him. Because of his retention in administrative segregation, Plaintiff has suicidal thoughts. As preliminary injunctive relief, Plaintiff requests to be housed in General Population with greater privileges.

Plaintiff's Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint. Therefore, Plaintiff should be denied leave to proceed *in forma pauperis* in this action, and must submit the $400.00 filing fee in order to proceed.

## VI.     RECOMMENDATIONS AND CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's 28 U.S.C. § 2241 motion be dismissed from this case, and this case proceed only as a civil rights action under 42 U.S.C. § 1983;

2. Plaintiff be DENIED leave to proceed *in forma pauperis* under the three strikes provision of 28 U.S.C. § 1915(g); and

3. Plaintiff be required to pay the $400.000 filing fee in full for this case, within thirty days.

///

These findings and recommendations are submitted to the United States District Judge

6

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 24, 2020**                              **/s/ Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE